# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ANDRADE,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. SACV 19-00014-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On January 3, 2019, Guadalupe Andrade ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on April 18, 2019. (Dkt. 14.) On June 19, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and law.

## BACKGROUND

Plaintiff is a 57 year-old female who applied for Social Security Disability Insurance benefits on June 11, 2015, alleging disability beginning August 27, 2012. (AR 33.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 27, 2012, through her date last insured of March 31, 2016. (AR 35.)

Plaintiff's claim was denied initially on January 7, 2016, and on reconsideration on April 6, 2016. (AR 33.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph P. Lisiecki III on January 18, 2018, in Orange, California. (AR 33.) Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel. (AR 33.) Vocational expert ("VE") Luis O. Mas also appeared and testified at the hearing. (AR 33.)

The ALJ issued an unfavorable decision on March 21, 2018. (AR 33-41.) The Appeals Council denied review on October 25, 2018. (AR 13-15.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether substantial evidence supports the finding that Plaintiff can return to her past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 27, 2012, through her date last insured of March 31, 2016. (AR 35.)

At step two, the ALJ determined that Plaintiff through the date last insured had the following medically determinable severe impairments: lumbar degenerative disc disease, sciatica, and depressive disorder. (AR 36.)

At step three, the ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 36-37.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform less than the full range of light work, as defined in 20 CFR § 404.1567(b), with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally stoop, kneel and crouch; and no climbing ladders, ropes or scaffolds or unprotected heights. She is limited to unskilled work and reasoning level of three or below.

(AR 37-41.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 38.) Plaintiff does not challenge this finding.

At step four, the ALJ found that through the date last insured Plaintiff was able to perform past relevant work as a packer. (AR 41.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act at any time from August 27, 2012, the alleged onset date, through March 31, 2016, the date last insured. (AR 41.)

**DISCUSSION**

The ALJ decision should be reversed. The ALJ's determination at step four of the sequential process that Plaintiff can perform her past relevant work as a packer is not supported by substantial evidence.

Plaintiff alleges she cannot work due to herniated discs, numbness in the right leg, high blood pressure, cholesterol, depression, constant pain, ringing in the ears, and paranoia. (AR 38.) The ALJ found that Plaintiff has the medically severe impairments of lumbar degenerative disc disease, sciatica, and depressive disorder. (AR 36.) Notwithstanding these impairments,

the ALJ assessed Plaintiff with a reduced range of light work RFC limited to unskilled work. (AR 37.) Plaintiff does not contest the ALJ's RFC.

At step four of the sequential process, the VE testified at the hearing that Plaintiff had past relevant work as a prep cook (medium in exertion), housekeeper (medium), and packer (light). (AR 41, 54.) With the light work RFC assessed by the ALJ, the VE testified that Plaintiff could perform only her past relevant work as a packer. (AR 41, 54.) The ALJ mistakenly referred to the packer job as a "substance abuse counselor." (AR 41.)

The ALJ made a bigger mistake. The ALJ identified the packer job as DOT 902.687-202, which is a worm packer:

> Packs earthworms into containers according to size: Scoops growth media and specified number of worms of designated sizes into containers for delivery to sales outlet. May dry worms under heat lamps, and grind and package worms for sale as tropical fish food.

Both sides agree that the ALJ assigned the wrong job classification, as there is no evidence in the record that Plaintiff ever worked as a worm packer. The only evidence in the record regarding Plaintiff's past work is a brief note that Plaintiff's previous job was "packaging" . . . "bottles." (AR 232), and another note stating "I would check quality of finished plastic product[s] such as milk and juice containers." (AR 246.)

Thus, the VE's and ALJ's reliance on the worm packer job was erroneous. The ALJ's step four finding that Plaintiff can perform her prior work as a packer is erroneous and not supported by substantial evidence. The ALJ's decision, then, is incomplete and without any step four finding.

The Commissioner attempts to correct the ALJ's error by proffering three alternative DOT packer jobs: inspector and hand packager (DOT 559.687-074), bottling line attendant (DOT 687-042), and machine packer assembler (DOT 920.687-122). All of these jobs involve light unskilled work consistent with Plaintiff's RFC. On the basis of these alternate jobs, the Commissioner asserts that any step four error was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate

nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).

The Commissioner, however, is not a VE. The Commissioner, moreover, does not cite to any case holding that the Commissioner can supply new evidence or findings to overcome an erroneous finding in an ALJ decision. Proffering alternate job titles, moreover, does not cure the inadequate description of Plaintiff's past work, without which any finding about the packer job would be speculation. The more appropriate authority lies in the ALJ's duty to fully and fairly develop the record. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. That duty is triggered when there is ambiguous evidence or when the record is inadequate to allow proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Here, the record is inadequate to make a step four determination whether Plaintiff can perform her past work as a packer.

Although the burden of proof lies with the claimant at step four, the ALJ still has the duty to make the requisite factual findings to support his conclusion. See SSR 82-62; Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). This is done by comparing the ALJ's RFC to the physical and mental demands of claimant's past relevant work. 20 C.F.R. § 404.1520(f); Pinto, 249 F.3d at 844-45. The regulations specify that step four decisions require "careful consideration" of the interaction of the limiting effects of a person's impairments and the physical and mental demands of his or her PRW. SSR 82-62, at *2. Past work experience must be "considered carefully." Id. at *3. There must be a "careful appraisal." Id. The ALJ's step four finding must contain specific findings as to a claimant's RFC, the physical and mental demands of the past occupation, and the ability to perform the past occupation. Id. at *4.

There are two sources of information that may be utilized in determining a claimant's past relevant work: a properly completed VE report (SSR 82-61) and the claimant's own testimony (SSR 82-4). Pinto, 249 F.3d at 845. The claimant is in the best position to describe what PRW he or she did. SSR 82-41, at *4. Here, the VE's testimony was inaccurate. The description of Plaintiff's past work was minimal. The hearing transcript is but 9 pages. (AR 48-

56.) Plaintiff says the hearing took but 13 minutes. (JS 8:6.) Nowhere in the hearing transcript is there any discussion of the nature of Plaintiff's past work as a packer. Neither the VE nor the ALJ inquired of Plaintiff about her past work. This is not a record that reflects "careful consideration" of the physical and mental demands of the packer job. Failing to properly identify Plaintiff's past work in a thirteen minute hearing does not satisfy the ALJ's duty to fully and fairly develop the record. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (a 10 minute hearing transcribed in eleven pages is a consideration in determining whether record fully and fairly developed); see also Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (13 page transcript reveals host of lost opportunities to explore the facts).

    The ALJ failed to fully and fairly develop the record on the nature, and the physical and mental demands, of Plaintiff's prior work. Thus, remand to create an adequate record is the appropriate outcome.

**ORDER**

    IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: November 26, 2019                    */s/ John E. McDermott*
                                                       JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE